

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-1-2008

# Silanno v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4923

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Silanno v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1285.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1285

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEAL
FOR THE THIRD CIRCUIT

No. 05-2923

GRACESIANA SILANNO;*
TEJO HANDOKO;*
MEGANOVIANTI SILANNO,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

*(Petitions dismissed per Court's order of 9/13/06)

(Agency Nos. A96-252-508, A96-252-509, A96-253-128)

No. 05-4923

GRACESIANA SILANNO;*
TEJO HANDOKO;*
MEGANOVIANTI SILANNO,

Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

*(Petitions dismissed per Court's order of 9/13/06)

(Agency Nos. A96-252-508, A96-252-509, A96-253-128)

No. 06-1604

MEGANOVIANTI SILANNO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

(Agency No. A96-253-128)

On Petition for Review from an Order of the
Board of Immigration Appeals
Immigration Judge:  Hon. R.K. Malloy

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 9, 2008

BEFORE:  SMITH, HARDIMAN and COWEN, Circuit Judges

(Filed: May 1, 2008)

OPINION

COWEN, Circuit Judge.

Petitioner, Meganovianti Silanno, asks this Court to review the BIA's finding that

she failed to show a pattern or practice of persecution against ethnic Chinese Christians in

Indonesia. Second, she petitions us to review whether the BIA erred in denying her motion to reopen and reconsider based on ineffective assistance of counsel. For the reasons that follow, we will deny her petitions for review.

I.

Silanno is an ethnic Chinese and a Christian. She is a native and citizen of Indonesia. After overstaying her allotted time in the United States, she filed an application for asylum and for withholding of removal based on her religion. She also filed an application for relief under the Convention Against Torture ("CAT"). During testimony before the immigration judge ("IJ"), Silanno noted an incident where a bomb exploded at her school while she was attending classes. Additionally, she testified to an incident where a bomb went off while she was attending Christmas eve church services in 2000.

The IJ did not make an explicit adverse credibility determination with respect to Silanno. The IJ ultimately found that she failed to establish that she suffered past persecution or that she would suffer future persecution on account of her religion. The IJ noted that the incidents which Silanno described did not rise to the level of persecution. The IJ concluded by also explaining that Silanno failed to show that it would be more likely than not that she would be persecuted if she returned to Indonesia. On May 9, 2005, the BIA affirmed the IJ's decision. Silanno timely filed a petition for review of the May 9, 2005 order, C.A. No. 05-2923.

Subsequently, Silanno filed a motion to reopen with the BIA. She argued that her

3

counsel provided ineffective assistance. On October 12, 2005, the BIA denied the motion to reopen. It determined that Silanno had failed to comply with the requirements of Matter of Lozada, 19 I & N Dec. 637 (BIA 1988). Specifically, Silanno failed to indicate that she had informed her previous attorney of the allegations against him. Silanno filed a petition for review of that order, C.A. No. 05-4923. She also moved for reconsideration of the BIA's October 12, 2005 order. On January 26, 2006, the BIA denied Silanno's motion for reconsideration. It found that she failed to demonstrate prejudice.[1] Silanno filed a petition for review of the January 26, 2006 order as well, C.A. No. 06-1604. The three petitions for review were consolidated for purposes of briefing and disposition.

## II.

We have jurisdiction to review a final order of removal pursuant to 8 U.S.C. § 1252. "When the BIA's decision substantially relies upon the decision of the IJ, this Court has jurisdiction to consider the IJ's decision, as well as the BIA's decision." See Kaita v. Att'y Gen. of United States, – F.3d –, 2008 WL 879052, at *6 (3d Cir. Apr. 3, 2008) (citing Xie v. Ashcroft, 259 F.3d 239, 242 (3d Cir. 2004)). Whether the applicant has met her burden of establishing eligibility for asylum is a factual determination

---

[1] In the proceedings before the IJ and the BIA, Silanno's applications and motions were considered along with those of her sister, Gracesiana Silanno and Tejo Handoko, Gracesiana Silanno's husband. In a separate January 26, 2006 order, the BIA granted their motion for reconsideration and motion to reopen. It noted that the IJ had previously stated that Handoko had a much stronger asylum claim than his wife. He was only previously included in the asylum application of his wife, and she failed to state a claim for asylum.

4

reviewed under the substantial evidence standard.  See Gao v. Ashcroft, 299 F.3d 266,

272 (3d Cir. 2002).  If substantial evidence supports the decision below, we will affirm

"unless any reasonable adjudicator would be compelled to conclude to the contrary."  8

U.S.C. § 1252(b)(4)(B); Dia v. Ashcroft, 353 F.3d 228, 247-48 (3d Cir. 2003) (en banc).

When reviewing "'the BIA's application of legal principles to undisputed facts, rather

than its underlying determination of those facts or its interpretation of governing statutes,

our review is de novo.'"  Chen v. Att'y Gen. of United States, 491 F.3d 109-10 (3d Cir.

2007) (quoting Yang v. Gonzales, 478 F.3d 133, 141 (2d Cir. 2007)).  We review an order

denying a motion to reopen or a motion for reconsideration under the highly deferential

abuse of discretion standard.  See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004).

The BIA's discretion will not be disturbed unless it is found to be arbitrary, irrational or

contrary to law.  See id.

III.

Silanno asserts that the BIA erred in ruling on her asylum application by failing to

find that there was a pattern or practice of persecution against Chinese Christians in

Indonesia.[2]  She asserts that the IJ's finding on her pattern or practice claim did not follow

the correct legal standard.  Furthermore, she asserts that the BIA and the IJ ignored

relevant evidence of country conditions.  Second, she argues that the BIA erred in

---

[2] Silanno does not contest the outcome on her application for relief under the CAT.
Therefore, any issue with respect to that claim is deemed waived.  See Konan v. Att'y
Gen. of United States, 432 F.3d 497, 500 n.2 (3d Cir. 2005).

denying her motion to reopen and reconsider based on her claim of ineffective assistance of counsel.

The Respondent filed a motion to dismiss Silanno's petitions for review. It argued that Silanno failed to assert her claim of a pattern or practice of persecution to the BIA, and that she waived any claim with respect to the BIA's denial of her motion to reopen/reconsider. Notwithstanding Respondent's arguments to the contrary, Silanno did raise her pattern or practice claim to the BIA. (See A.R. 588.) Additionally, she did not waive her argument that the BIA erred in denying her motion to reopen and motion for reconsideration. (See Pet'r Br. 19-20.) Therefore, Respondent's motion to dismiss is denied.

A.    *Asylum*

For asylum, an applicant must show that he or she

> is unable or unwilling to return to, and is unable or unwilling
> to avail himself or herself of the protection of [the country of
> such person's nationality or habitual residence], because of
> persecution or a well founded fear of persecution on account
> of race, religion, nationality, membership in a particular social
> group, or political opinion.

8 U.S.C. §1101(a)(42)(A). With respect to establishing a well-founded fear of future persecution, "an applicant must first demonstrate a subjective fear of persecution through credible testimony that her fear is genuine." Lie v. Ashcroft, 396 F.3d 530, 536 (3d Cir. 2005) (citing Zubeda v. Ashcroft, 333 F.3d 463, 469 (3d Cir. 2003)). Next, an applicant must objectively show "that 'a reasonable person in the alien's circumstances would fear

6

persecution if returned to the country in question.'" Id. (quoting Zubeda, 333 F.3d at 469). In satisfying the objective prong, the applicant "must show that she would be individually singled out for persecution or demonstrate that 'there is a pattern or practice in his country of nationality . . . of persecution of a group of persons similarly situated to the applicant on account of race, religion, nationality, membership in a particular social group, or political opinion. . .'" Id. (quoting 8 C.F.R. § 208.13(b)(2)(iii)(A)). "[T]o constitute a pattern or practice, the persecution of the group must be systematic, pervasive, or organized." Id. Additionally, "as with any claim of persecution, the acts must be committed by the government or forces the government is either unable or unwilling to control." Sukwanputra v. Gonzales, 434 F.3d 627, 637 (3d Cir. 2006) (citing Lie, 396 F.3d at 537).

The IJ set forth the applicable standard for evaluating a claim for future persecution by noting:

> In evaluating a claim of future persecution, the Immigration Judge does not have to require the alien to provide evidence he will be singled out individually for persecution if the alien establishes that there is a pattern or practice in his home country of persecution of groups of persons similarly situated to the applicant on one of the five enumerated grounds, and that the alien is included or identified with such group.

(App. 20.) Silanno asserts that her well-founded fear of persecution is based upon the pattern or practice of persecution faced by Christians in Indonesia. Silanno relies on the 2001 country report and 2002 religious report on Indonesia as well as our decision in Sukwanputra to support her pattern/practice argument.

7

In this case, the administrative record contained the 2001 country report and 2002 religious freedom report. They stated that the Indonesian government respected the Christian faith, promoted ethnic and religious tolerance, and that the attacks against ethnic Chinese Christians continued to drop since 1998. See Wijono v. Gonzales, 439 F.3d 868, 874 (8th Cir. 2006) (noting that the 2001 country report on Indonesia indicates a sharp decline in violence against Chinese Christians, and that the government officially promotes ethnic and religious tolerance); see also Lie, 396 F.3d at 537-38 (holding that there was no pattern or practice of persecution against ethnic Chinese Christians in Indonesia based in part on the 1999 country report showing a sharp decline in violence). Additionally, to the extent that Silanno relies on our opinion in Sukwanputra in her attempt to establish a pattern or practice of persecution, that reliance is misplaced. Indeed, in Sukwanputra, we were careful to explain that:

> Significantly, we do not hold that a pattern or practice of persecution in Indonesia in fact exists, nor do we hold that the Lie decision establishes that a pattern or practice does not exist since the record in this case contains a 2001 country report whereas the record in Lie contained an earlier 1999 country report.

434 F.3d at 636 n.10 (citing Lie, 396 F.3d at 537). Substantial evidence supports the decision below, and we are not compelled to conclude to the contrary.[3] See Dia, 353 F.3d at 247-48.

---

[3] Because Silanno failed to satisfy the standard for asylum, she necessarily fails to meet the standard for withholding of removal. See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003).

B.    *Motion to Reopen and Reconsider*

Appellant asserts that the BIA erred in denying her motion to reopen.  Specifically, she asserts that her previous counsel failed to argue that the bombing at her school established her claim of past persecution.  (See Pet'r Br. 20.)  The BIA determined that Silanno was not prejudiced.  We agree.  Indeed, the IJ specifically noted the bombing incident in the oral decision, but found that the incidents described by Silanno failed to establish that she suffered past persecution on a protected ground.

IV.

For the foregoing reasons, Respondent's motion to dismiss is denied.  Silanno's petitions for review are denied.   Silanno also filed a motion to stay the voluntary departure period on July 1, 2005.  On July 7, 2005, we granted an administrative stay of the voluntary departure period and the motion was referred to this panel to decide whether Reynoso-Lopez v. Ashcroft, 369 F.3d 275 (3d Cir. 2004), extended to stays of unexpired voluntary departure periods.  In Obale v. Attorney General of United States, 453 F.3d 151 (3d Cir. 2006), we concluded that we do have jurisdiction to grant a stay of an unexpired voluntary departure period.  In light of our disposition of Silanno's petitions for review, we deny the motion to stay the voluntary departure period.  Accordingly, the administrative stay on the voluntary departure period is vacated.  The period remaining in which Silanno may voluntarily depart shall begin to run with the issuance of the mandate in this appeal.

9